UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

_____

JAMES ELLISON, individually and on behalf of all others similarly situated,

    Plaintiff,

              v.

ROGERS MECHANICAL CONTRACTORS, LLC

    Defendant.

_____

Case No.: 25CV02134

**NOTICE OF REMOVAL**:

(**28 U.S.C. §§ 1332 and 1441(b); DIVERSITY JURISDICTION**)

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendant Rogers Mechanical Contractors, LLC (hereinafter "Rogers Mechanical" or "Defendant"), hereby remove this action from the Superior Court of Douglas County, Georgia to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1332 and 1441(b), Federal Rule of Civil Procedure 81(c), and in support of which aver as follows:

**I.    DESCRIPTION OF ACTION**

Plaintiff, James Ellison (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, filed his Class Action Complaint in the Superior Court of Douglas County, Georgia on or about October 28, 2025, captioned *James Ellison, on behalf of himself and all others similarly situated v. Rogers Mechanical Contractors, LLC*, Case No. 25CV02134. A copy of the Complaint is attached to this Notice of Removal as Exhibit A.

Plaintiff's Complaint asserts causes of action purportedly arising from a data security incident that was discovered in January 2025. *See* Exhibit at ¶ 3. Plaintiff alleges that he, along with similarly situated individuals, experienced damages as a result of a security incident implicating the personal information of Plaintiff. *See Id*. Plaintiff has raised two causes of action including Negligence and Invasion of Privacy. Defendant denies the allegations underlying each of Plaintiff's claims.

This action is removable under 28 U.S.C. §§ 1441 (a) and 1453. 28 U.S.C. §§ 1441 (a) provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. This Court has original over this case under 28 U.S.C. § 1332(d)(2) because this is a class action in which the proposed class includes at least 100 members; the amount in controversy exceeds $5,000,000, exclusive of interests and costs; and minimal diversity exists. As such, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446.

## II.     TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL

Plaintiff purportedly effectuated service of his Complaint on November 14, 2025. Accordingly, this removal is timely.

## III.    REMOVAL BASED ON DIVERSITY JURISDICTION

Pursuant to the Class Action Fairness Act ("CAFA"), the district courts of the United States shall have original jurisdiction in class actions where the following factors are met: (1) the proposed class contains more than 100 individuals; (2) the aggregate amount in controversy is five million dollars or more; and (3) at least one member of the plaintiff class is diverse from at least one defendant. *See* 28 U.S.C. § 1332(d).

A. <u>**Minimal Diversity Exists in this Matter**</u>

CAFA provides that a defendant is permitted to remove certain class actions to federal court if minimal diversity of citizenship exists, *i.e.* "any member of the plaintiff class is diverse from any defendant." *Carzell v. Life of S. Ins. Co.*, No. 1:15-cv-3260-WSD, 2016 BL 132228 (N.D. Ga. Apr. 26, 2016) at *2. Here, Defendant is a Limited Liability Company with its principal place of business located in Douglas County, Georgia and its Registered Agent, Buster Kinard, is also located in Douglas County, Georgia. On the other side, Plaintiff is a resident and citizen of South Carolina, and seeks to represent all persons whose Private Information was compromised because of the Data Breach discovered on January 31, 2025. *See* Exhibit A ¶ 19, 25. This population includes individuals who reside in at least 41 different states and territories. *See* Declaration of Jason Goodwin, attached hereto as Exhibit B. Approximately 35.5% of the noticed individuals reside in Georgia. *Id.* As the proposed class includes individuals from states other than Georgia, minimal diversity is satisfied.

B. <u>**The Proposed Class Exceeds 100 Individuals**</u>

Removal of a class action requires showing that the proposed class exceeds 100 members. *See* 28 U.S.C.A. § 1332(d)(5)(B). Plaintiff's Complaint identified the proposed class as "believed to be in the thousands[.]" Exhibit A at ¶ 140. The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). As such, when considering removal of an action, a district court allows a defendant to rely on the class estimate given in Plaintiff's complaint. *Id* at 768. Accordingly, the proposed class exceeds 100 members.

//

C. **The Amount in Controversy Exceeds $5,000,000**

Pursuant to CAFA, a class action is removable if the aggregate sum of the class claims meets or exceeds the sum of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C.A. § 1332(d)(2). A notice of removal must include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. The removing party must establish by a preponderance of evidence, or more likely than not, that the amount in controversy exceeds the jurisdictional threshold. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010); *see also McGee v. Sentinel Offender Services, LLC*, 719 F.3d 1236 (11th Cir. 2013). Where an amount in controversy is not plainly stated, a trial court may make common sense inferences based on the nature and substance of the allegations within the complaint. *See Fox v. Ritz-Carlton Hotel Company, LLC,* 977 F.3d 1039 (11th Cir. 2020).

Plaintiff alleges that the putative class contains "thousands of individuals". Exhibit A at ¶ 140. Plaintiff seeks damages on behalf of himself and the proposed class including actual damages, compensatory damages, statutory damages and penalties, consequential damages, punitive damages, attorneys' fees and costs and litigation expenses. *See ad damnum* clause. Assessing the value of compensatory, consequential, and punitive damages multiplied for "thousands of individuals" is more likely than not in excess of five million dollars.

Moreover, Plaintiff seeks extensive equitable and injunctive relief. *See Id.* This includes data encryption, data deletion, additional training of internal security personnel, internal and external automated security monitoring, retention of "independent third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis," and similar intensive security measures. *Id.* The relief sought in aggregate for the putative class clearly

4

establishes an amount in controversy in excess of the jurisdictional requirements by a preponderance of the evidence.

**NOTICE TO ADVERSE PARTIES AND THE COURT OF COMMON PLEAS**

Promptly after filing this Notice, Defendant will provide written notice of removal to Plaintiffs and the Superior Court of Douglas County, Georgia and will file a copy of this Notice of Removal with the Superior Court of Douglas County, Georgia.

Dated: December 12, 2025.                    Respectfully submitted,

*/s/ Benjamin Leonard*

Benjamin Leonard, Esq.

**CIPRIANI & WERNER, P.C**.

3155 North Point Parkway, Suite G-100, GA 30005

(470) 740-4100

*/s/ Jill Fertel*

Jill Fertel, *Pro Hac Vice forthcoming*

H. Nellie Fitzpatrick, Esq., *Pro Hac Vice forthcoming*

Jonathan D. Tobin, Esq., *Pro Hac Vice forthcoming*

Daniella Ashouri, Esq., *Pro Hac Vice forthcoming*

**CIPRIANI & WERNER, P.C**.

450 Sentry Parkway East, Suite 200 Blue Bell, PA 19422

5

(610) 567-0700

jfertel@c-wlaw.com

nfitzpatrick@c-wlaw.com

jtobin@c-wlaw.com

dashouri@c-wlaw.com

*Attorneys for Defendant Rogers Mechanical Contractors, LLC*